IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **PACTIV LLC**,<br><br>      Plaintiff,<br><br>  v.<br><br>**HIGHLAND PACKAGING SOLUTIONS, INC.**,<br><br>      Defendant. | Civil Action No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Pactiv LLC ("Pactiv"), for its complaint against Defendant Highland Packaging Solutions, Inc. ("Highland Packaging"), states and alleges as follows:

## PARTIES

1. Pactiv LLC is a Delaware limited liability company with its principal place of business at 1900 W. Field Court, Lake Forest, IL 60045. Pactiv has four Georgia locations: one in Conyers, two in Covington, and one in Macon.

2. Highland Packaging Solutions, Inc. is a Florida corporation that is located at 1420 Gordon Food Service Drive, Plant City, FL 33563 and that conducts business in this judicial district.

## JURISDICTION

3. This is an action for patent infringement under the patent laws of the United States, Title 35, United States Code, Section 271 *et seq*. and arising from Highland Packaging's acts of infringement of U.S. Patent Nos. 7,766,169; 7,775,364; D694,126; and 8,640,872 (collectively, the "patents-in-suit"), through its importation, manufacture, use, offer for sale, and sale of packaging products, namely, particular sheet-formed and/or molded containers, such as this Highland Packaging egg carton:



4. This Court has subject matter jurisdiction over the claims and causes of action asserted in this Complaint because the claims arise under the patent laws of the United States.

5. Highland Packaging is subject to personal jurisdiction in the Northern District of Georgia consistent with the principles of due process, because Highland Packaging offers its products for sale in this District, has transacted business in this District, has committed acts of patent infringement in this District, and/or has placed infringing products into the stream of commerce through established distribution channels with the expectation that such products will be purchased by residents of this District, for example, distribution of its infringing packaging products to Publix Super Markets, Inc. stores in this District.

6. Venue is proper in this District under 28 U.S.C. § 1391(b) and § 1400(b).

## FACTUAL BACKGROUND

7. On August 3, 2010, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 7,766,169 ("the '169 patent"), titled "Stackable egg-box, stack of egg-boxes and method for destacking said egg-box." A copy of the '169 patent is attached as Exhibit A.

8. On August 17, 2010, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 7,775,364 ("the '364 patent"), titled "Grasping closure system for container for frangible items." A copy of the '364 patent is attached as Exhibit B.

9. On November 26, 2013, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. D694,126 ("the '126 patent"), titled "Sheet-formed container for frangible items." A copy of the '126 patent is attached as Exhibit C.

10. On February 4, 2014, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 8,640,872 ("the '872 patent"), titled "Egg container with stack-spacing system." A copy of the '872 patent is attached as Exhibit D.

11. Pactiv is the owner by assignment of all right, title, and interest in the patents-in-suit.

12. Pactiv is the world's largest manufacturer and distributor of food packaging and foodservice products, supplying packers, processors, supermarkets, restaurants, institutions, and foodservice outlets across North America. In particular, Pactiv produces custom-labeled, stackable polyethylene terephthalate ("PET") egg cartons for customers throughout the United States.

13. According to the U.S. Census Bureau, Georgia is the number one producer of poultry and poultry products. It is estimated that the poultry industry's annual contribution to the State is $38 billion and directly or indirectly employs 138,000 Georgians. On an average day, Georgia produces approximately thirty million pounds of chicken and thirteen million eggs. Poultry products earn more than any other Georgia crop. The statewide economic impact of the industry is an estimated $13.5 billion annually. *See, e.g.*, http://www.gapf.org/IndustryFacts/default.cfm.

14. A number of major poultry processors are based in Georgia, including Gold Kist, Fieldale Farms, Claxton, Mar-Jac, and Cagle's. Additionally, a number of other major poultry companies operate in Georgia, including Tyson, Con-Agra, and Continental Grain. *See* http://www.georgiaencyclopedia.org/articles/business-economy/poultry.

15. According to its website, Highland Packaging manufactures and designs large volume products using PET material, including packaging for food. *See* http://www.highcor.com/About/WhatWeDo.

16. Atlanta, Georgia hosted the International Production & Processing Expo ("IPPE") from January 27 through January 29, 2015. According to its website, the IPPE is the world's largest annual poultry, meat, and feed industry

event of its kind. This year, it is estimated that approximately 30,000 attendees from more than 100 countries attended IPPE in Atlanta. *See* http://ippexpo.com/.

17. Highland Packaging was listed as an Exhibitor at the IPPE in Atlanta (Booth C9333), and, as shown in the photo below, did attend IPPE.



18. Highland Packaging marketed, used, and, upon information and belief, offered to sell its food packaging products at the IPPE in Atlanta, including the packaging products that are covered by the claims of the patents-in-suit.

19. Highland Packaging's infringement of the claims of the patents-in-suit has injured Pactiv and will cause irreparable injury in the future unless Highland Packaging is enjoined from further infringing the claims of the patents-in-suit.

## FIRST CLAIM FOR RELIEF
### PATENT INFRINGEMENT OF THE '169 PATENT

20. Pactiv incorporates the foregoing paragraphs by reference as though fully set forth herein.

21. Highland Packaging has infringed and continues to directly infringe at least claim 1 of the '169 patent by importing, making, offering to sell, selling, supplying, causing to be supplied, using, and/or causing to be used, in or into the United States, packaging products as claimed in the '169 patent.  The accused packaging products that embody the inventions claimed in the '169 patent include at least Highland Packaging's stackable trays obtained by molding of a sheet of plastic material containing the limitations of at least claim 1 of the '169 patent, such as this Highland Packaging egg carton:



22. The infringement by Highland Packaging has injured and continues to injure Pactiv and will cause irreparable harm unless Highland Packaging is enjoined from infringing the claims of the '169 patent.

23. Pactiv has complied with the statutory requirement of giving notice of the '169 patent to Highland Packaging at least by filing this lawsuit and providing Highland Packaging with a copy of this complaint.

## SECOND CLAIM FOR RELIEF
### PATENT INFRINGEMENT OF THE '364 PATENT

24. Pactiv incorporates the foregoing paragraphs by reference as though fully set forth herein.

25. Highland Packaging has infringed and continues to directly infringe at least claim 1 of the '364 patent by importing, making, offering to sell, selling, supplying, causing to be supplied, using, and/or causing to be used, in or into the United States, packaging products as claimed in the '364 patent. The accused

packaging products that embody the inventions claimed in the '364 patent include at least Highland Packaging's stackable trays obtained by molding of a sheet of plastic material containing the limitations of at least claim 1 of the '364 patent, such as this Highland Packaging egg carton:



26.    The infringement by Highland Packaging has injured and continues to injure Pactiv and will cause irreparable harm unless Highland Packaging is enjoined from infringing the claims of the '364 patent.

27.    Pactiv has complied with the statutory requirement of giving notice of the '364 patent to Highland Packaging at least by filing this lawsuit and providing Highland Packaging with a copy of this complaint.

### THIRD CLAIM FOR RELIEF
#### PATENT INFRINGEMENT OF THE '126 PATENT

28.    Pactiv incorporates the foregoing paragraphs by reference as though fully set forth herein.

29. The '126 Patent claims an ornamental design for a sheet-formed container for frangible items. Figure 1 of the '126 Patent is shown below:



30. Highland Packaging has infringed and continues to directly infringe the '126 patent by importing, making, offering to sell, selling, supplying, causing to be supplied, using, and/or causing to be used, in or into the United States, packaging products as claimed in the '126 patent. The accused packaging products that embody the design claimed in the '126 patent include at least Highland Packaging's containers for receiving frangible items, such as its egg cartons. An example of Highland Packaging's infringing packaging products is shown below:



31.     The infringement by Highland Packaging has injured and continues to injure Pactiv and will cause irreparable harm unless Highland Packaging is enjoined from infringing the claim of the '126 patent.

32.     Pactiv has complied with the statutory requirement of giving notice of the '126 patent to Highland Packaging at least by filing this lawsuit and providing Highland Packaging with a copy of this complaint.

## FOURTH CLAIM FOR RELIEF
### PATENT INFRINGEMENT OF THE '872 PATENT

33.     Pactiv incorporates the foregoing paragraphs by reference as though fully set forth herein.

34.     Highland Packaging has infringed and continues to directly infringe at least claim 1 of the '872 patent by importing, making, offering to sell, selling, supplying, causing to be supplied, using, and/or causing to be used, in or into the United States, packaging products as claimed in the '872 patent.  The accused

packaging products that embody the inventions claimed in the '872 patent include at least Highland Packaging's containers for receiving frangible items comprising a sheet of formed polymer containing the limitations of at least claim 1 of the '872 patent, such as this Highland Packaging egg carton:



35.     The infringement by Highland Packaging has injured and continues to injure Pactiv and will cause irreparable harm unless Highland Packaging is enjoined from infringing the claims of the '872 patent.

36.     Pactiv has complied with the statutory requirement of giving notice of the '872 patent to Highland Packaging at least by filing this lawsuit and providing Highland Packaging with a copy of this complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Pactiv prays that this Court:

a. Enter a judgment that Highland Packaging has directly infringed at least one of the claims of each of the patents-in-suit;

b. Grant a preliminary injunction enjoining Highland Packaging and its agents, servants, officers, directors, employees, and persons or entities acting in concert with Highland Packaging from directly infringing the claims of the patents-in-suit;

c. Grant a permanent injunction enjoining Highland Packaging and its agents, servants, officers, directors, employees, and persons or entities acting in concert with Highland Packaging from directly infringing the claims of the patents-in-suit;

d. Award Pactiv damages in an amount sufficient to compensate Pactiv for Highland Packaging's infringement of the '169 patent, the '364 patent, and the '872 patent, but not less than a reasonable royalty;

e. Award Pactiv damages in an amount sufficient to compensate Pactiv for Highland Packaging's infringement of the '126 patent, including disgorgement of all profits related to the infringement of the '126 patent;

f. Award Pactiv interest and costs pursuant to 35 U.S.C. § 284;

 g.  Declare this case exceptional under 35 U.S.C. § 285 and award Pactiv its reasonable attorneys' fees, expenses, and costs incurred in this action; and

 h.  Grant such other and further relief that the Court finds just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff Pactiv demands a jury trial on all issues so triable.

Dated: February 2, 2015    Respectfully submitted,

            */s/ Katrina M. Quicker*
            Katrina M. Quicker
            Ga. Bar No. 590859
            Jason P. Grier
            Ga. Bar No. 869343
            BAKER & HOSTETLER LLP
            1180 Peachtree Street, NE, Suite 1800
            Atlanta, GA 30309-7512
            Telephone:  (404) 459-0050
            Facsimile:   (404) 459-5734
            kquicker@bakerlaw.com
            jgrier@bakerlaw.com

            Kevin W. Kirsch
            BAKER & HOSTETLER LLP
            312 Walnut Street, Suite 3200
            Cincinnati, OH 45202-4074
            Telephone:  (513) 929-3499
            Facsimile:   (513) 929-0303
            kkirsch@bakerlaw.com


Jared A. Brandyberry
BAKER & HOSTETLER LLP
1801 California Street, Suite 4400
Denver, CO 80202-2662
Telephone:   (303) 861-0600
Facsimile:   (303) 861-7805
jbrandyberry@bakerlaw.com

*Attorneys for Plaintiff Pactiv LLC*